IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANQUOS R. COSBY, | : | CIVIL ACTION NO. |
| | : | 1:11-CV-0666-RWS |
| Debtor. | : | |
| _____ | : | |
| | : | |
| ANQUOS R. COSBY, | : | |
| | : | |
| Appellant, | : | |
| | : | CHAPTER 13 BANKRUPTCY |
| v. | : | CASE NO. 10-93832-JRS |
| | : | |
| FIRST HORIZON BANK, a | : | |
| Division of First Tennessee Bank | : | |
| NA, | : | |
| | : | |
| Appellee. | : | |

**ORDER**

This case is before the Court on an Appeal from the Bankruptcy Court by Appellant Anquos R. Cosby. In his original Brief, Appellant identifies three enumerations of error: (1) the Bankruptcy Court erred by not granting an extension of time for Appellant's Motion to Modify the Automatic Stay; (2) the Bankruptcy Court erred in not allowing Appellant adequate time for a final hearing; and (3) the Bankruptcy Court erred in proceeding with a final hearing

without providing adequate notice to Appellant.  Pursuant to the Briefing Schedule [7] Appellant filed his original Brief [15] on May 31, 2011, and Appellee timely filed its Brief [17] on June 14, 2011.  Appellant has not filed a reply brief though the time for filing same has passed.

Appellant's first two enumerations of error address interlocutory orders entered by the Bankruptcy Court.  An appeal of an interlocutory order is an extraordinary measure.  FXM, P.C. v. Gordon, Case No. 1:07-CV-1642, 2007 WL 3491274, *2 (N.D. Ga. November 6, 2007).  In order to obtain an interlocutory review, "the appellant must show that (1) the bankruptcy court's decision involves a controlling question of law; (2) there is substantial ground for difference of opinion as to that question of law; and (3) an immediate appeal from the order would materially advance the ultimate termination of the litigation."  Id. at *3.  The Court finds that Appellant has failed to meet these standards and thus declines to address the interlocutory orders.  Moreover, because the Court construes the third enumeration of error as addressing the merits of the decision made below, ruling on these interlocutory matters would not advance the ultimate termination of the litigation.

As for Appellant's third enumeration of error, this Court reviews *de novo* the Bankruptcy Court's legal conclusions in granting relief from the automatic

2

stay but reviews the findings of fact for clear error.  Fed. R. Bankr. P. 8013; In Re: J.L.J, Inc., 988 F.2d 1112, 1116 (11th Cir. 1993).  Based on the evidence presented in the hearing below, the Court made findings of fact and conclusions of law that supported the decision to lift the automatic stay.  Appellant chose to leave the hearing before presenting evidence for consideration.  Thus, the evidence of Appellee was uncontradicted.  The Court finds no clear error in the Bankruptcy Court's findings of fact.  Further, Appellant has failed to point out any error in any legal conclusions reached by the Bankruptcy Court based upon the factual record being considered.

For these reasons, the decision of the Bankruptcy Court granting relief from the automatic stay is hereby **AFFIRMED**.[1]

**SO ORDERED**, this   6th   day of July, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

---

[1] As a part of Appellant's original Brief [15], he included a Motion for Leave to Amend [16] which was designated by a separate docket entry.  The nature of amendment requested by Appellant is not clear from his submission.  In any event, the Court has considered his original Brief in its entirety.  Therefore, Appellant's Motion to Amend [16] is **DENIED, AS MOOT**.

3